**In the United States District Court
for the District of South Carolina
Columbia Division**

| | |
|---|---|
| MICHAEL R. RAY, # 40860-019,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>EVERCOM SYSTEMS, INC., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 4:05-2904-RBH-TER |

**MOTION TO DISMISS OF
<u>EVERCOM SYSTEMS, INC. AND DENNIS L. WHIPPLE (misnamed)</u>**

Evercom Systems, Inc. ("Evercom") and Dennis L. Whipple (misnamed) ("Evercom CEO"),[1] through counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.01, file this Motion to Dismiss.

The Complaint should be dismissed with prejudice on the following grounds, which are more fully explained in the Memorandum filed herewith:

- Every claim in the Complaint seeks relief in this Court that is barred by the filed rate, or filed tariff, doctrine.

- Plaintiff has failed to allege the necessary elements of a claim of monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2 (Counts I, II and III).

- Evercom is immune from antitrust liability in this suit under the state action doctrine (Counts I, II and III).

---

[1] Whipple does not appear in this case in his individual capacity, and was not, to Evercom's knowledge, served with the Complaint. As explained in Section II of the Memorandum in Support of Motion to Dismiss filed herewith, Whipple is not employed by Evercom. This Motion does not purport to represent the interests of Whipple personally. Rather, the present Chief Executive Officer of Evercom joins this motion in his official capacity.

- The conduct alleged in this case is not "unfair" under the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10 *et seq.*, and is immune from liability by the express language of that statute exempting regulated utilities, *id.* § 39-5-40(a) (Count VI).

- Evercom cannot be liable under a "negligence" claim because it owes no duty to Plaintiff, and the Complaint fails to allege any fact as to the nature of a purported breach of that duty, assuming it exists (Count VII).

- Evercom cannot be liable for breach of a purported "duty of loyalty," because it has no special relationship with Plaintiff that would give rise to any such duty (Count IV).

- Evercom cannot be liable for breach of a purported "duty of trust," because South Carolina courts recognize no such duty, and the Complaint fails to allege any fact as to the nature of a purported breach of that duty, assuming it exists (Count V).

- Plaintiff's unjust enrichment claim fails as a matter of law, because he has failed to allege successfully any unlawful conduct by Evercom (Count VIII).

- Plaintiffs' statutory fraud claim fails as a matter of law because it does not satisfy the standard for pleading fraud under Fed. R. Civ. P. 9(b), and alleges no facts demonstrating a misrepresentation by Evercom or reasonable reliance thereon by Plaintiff (Count VIII).

- Plaintiff's claim of fraudulent conveyance fails as a matter of law because the governing statute, S.C. Code Ann. § 27-23-10, is inapplicable to this context and does not allege the requisite elements of intent to defraud and actual transfer.

For all these reasons, the Court should dismiss the Complaint in full with prejudice.

Dated: February 21, 2006                                Respectfully submitted:

                                                  s/W. Howard Boyd, Jr.
W. Howard Boyd, Jr. (#1431)
*hboyd@gwblawfirm.com*
Luanne Lambert Runge (#5996)
*lrunge@gwblawfirm.com*
Gallivan, White & Boyd, P.A.
P. O. Box 10589
Greenville, SC  29603
Phone: 864-271-9580
Fax: 864-271-7502

Glenn B. Manishin
Stephanie A. Joyce
Kelley Drye & Warren LLP
1200 19th Street, N.W., Suite 500
Washington, D.C. 20036
Phone: 202-955-9600
Fax: 202-955-9792