# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### FLORENCE DIVISION

| | |
|---|---|
| Michael R. Ray, # 40860-019 (on behalf of himself personally, and as Initial class representative [pending the appointment of Counsel to represent the Class]; Wayne A. Enzor; Thomas E. Robertson; Arthur Junior Johnson; Daniel Boyd McCracken; John & Jane Doe (Fictitiously named parties who represent all members of the "Current and Former Inmate Class"); Kelvin F. Lewis; April Butler; and Jim & Joan Roe (Fictitiously named parties who represent all members of the "End-User Telephone Customer Class"), | ) Civil Action No. 4:05-2904-RBH )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>)     **O R D E R** <br>) |
| Evercom Systems Inc.; Dennis L. Whipple (Personally and as President and C.E.O. of Evercom Systems, Inc.); The County of Lexington, South Carolina (o/b/o The Lexington County Detention Center); The County of Darlington, South Carolina (o/b/o The Darlington County Detention Center); The County of Dillon, South Carolina (o/b/o The Dillon County Detention Center); Pay Tell Communications, Inc.; John Vincent Townsend (Personally and as President of Pay Tel Communications, Inc.); The County of Florence, South Carolina (o/b/o The Florence County Detention Center); The County of Spartanburg, South Carolina (o/b/o Spartanburg County Detention Center); Williamsburg, South Carolina (o/b/o the Williamsburg County Detention Center); Sprint Payphone Services, Inc.; State of South Carolina Budget & Control Board; and State of South Carolina Department of Corrections, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Pending before the court are: Plaintiffs Michael Ray and Wayne Enzor's motion for reconsideration [Entry #8]; Plaintiff April Butler's motion for reconsideration [Entry #9]; Plaintiff Arthur Junior Johnson's motion for reconsideration [Entry #13]; Plaintiff Kelvin F. Lewis' motion for reconsideration [Entry #14]; and Plaintiff Daniel Boyd McCracken's motion for reconsideration [Entry #15].[1]  The court has reviewed the motions, memoranda, and the record in this case.  For the reasons set forth below, the court finds the motions should be denied.

## I. <u>Background Facts and Procedural History</u>

This civil action concerning various telephone contract at prisons and detention centers was filed on October 11, 2005.  On the same date, the plaintiffs filed a motion to appoint counsel and a "notice pursuant to Rule 23 [of the Federal Rules of Civil Procedure] in regard to a request for certification of this civil case action as a class-action proceeding."  On December 21, 2005, this court entered an Order denying the plaintiffs' motion for appointment of counsel and directing the Clerk of Court to assign separate civil action numbers for all plaintiffs who can be identified.  The aforementioned motions currently pending before the court were filed on various dates requesting that the court reconsider its December 21, 2005 Order.

---

[1] Also pending before the court is the plaintiffs' request that this case be certified as a class action [Entry #5].  This document was docketed by the Clerk of Court on October 11, 2005 as a "Notice by all plaintiffs for request for certification as this action is a class action proceeding."  The Clerk docketed the document as a *Notice* because the plaintiffs captioned the document as such.  Thus, the request for certification as a class action did not appear on the court's docket as a pending *Motion*.  The court is well aware that the plaintiffs are proceeding <u>pro se</u>, and therefore, their *Notice* should be interpreted as a *Motion*.  However, because this court has not previously ruled on this issue, it would be inappropriate to make a ruling on this issue in the present Order, as it is limited to the plaintiffs' motions for reconsideration under Fed.R.Civ.P. 59.  Therefore, the court will issue a separate Order with regard to the issue of class certification.

2

## II.  Standard of Review

Motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure.

Therefore, the court will treat the present motions as Rule 59 Motions to Alter or Amend the Judgment.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an

extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

resources."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.).  The

Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an

intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error*

*of law* or prevent manifest injustice."  Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)

(emphasis added).  Rule 59 motions "may not be used to make arguments that could have been made

before the judgment was entered."  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002).  Nor are they

opportunities to rehash issues already ruled upon because a litigant is displeased with the result.  See

Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## III.  Discussion

As noted above, there are several pending motions to reconsider presently before the court.

Considering such, the court will address each in turn.

### A.  Plaintiffs Johnson, Lewis, and McCracken's Motions

Pursuant to Rule 59(e), a party must file a motion to alter or amend a judgment no later than 10

days following the entry of judgment.  The Fourth Circuit has found that the 10 day provision is

jurisdictional and mandatory.  Therefore, a district court may not extend the time for  filing a motion

under Fed.R.Civ.P. 59(e).  See Panhorst v. United States, 241 F.3d 367, 370 (4th Cir. 2001).  As noted

above, the Order which the plaintiffs request that this court reconsider was entered on December 21,

2005.  Thus, the deadline for filing a motion under Rule 59(e) was January 12, 2006.[2]  However, Plaintiffs Johnson, Lewis and McCracken's motions were filed on January 19, 20, and 24, 2006, respectively.  Therefore, the motions were filed after the expiration of the time period provided by Rule 59(e), and as such, this court lacks jurisdiction to consider them.

### B. Plaintiffs Ray, Enzor, and Butler's Motions

Plaintiffs Ray and Enzor filed their motion to reconsider on January 3, 2006.  Plaintiff Butler filed her motion to reconsider on January 5, 2006.  Therefore, they are within the time prescribed by Rule 59(e).  Considering such, the court has jurisdiction and will consider the motions on the merits.[3]

Before delving into the issues at hand, the court should note that most of the issues raised by the plaintiffs in the current motion relate to matters concerning the Prison Litigation Reform Act.  Thus, the court finds that a brief overview of the law in relation to this subject would be helpful.  In 1996, Congress passed the Prison Litigation Reform Act (hereinafter "PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1995), to handle concerns about the "ever-growing number of prison-condition lawsuits that were threatening to overwhelm the capacity of the federal judiciary."  Anderson v. XYZ

---

[2] The court notes that this computation takes into consideration Fed.R.Civ.P. 6(a), which provides that in computing any period of time prescribed or allowed by the rules, the day of the act or event from which the designated period of time begins to run shall not be included.  Rule 6(a) also provides that if the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.  With regard to legal holidays, the court has excluded the following dates in its computation of the present deadline: December 23, 2005 (District observed holiday); December 26, 2005 (observed for Christmas Day); and January 2, 2006 (observed for New Year's Day).  Furthermore, pursuant to Rule 6(e), whenever a party has the right or is required to do some act within a prescribed period of time after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B)(C ), or (D), three (3) days are to be added after the prescribed period would otherwise expire under subdivision (a).

[3] Plaintiff Butler's motion simply states that she wishes to join in the motion filed by Plaintiffs Ray and Enzor.  Therefore, the court will hereafter only refer to the arguments made in Plaintiff Ray and Enzor's motion.

Correctional Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005). The PLRA imposes quite significant

restrictions on a prisoner's ability to initiate a civil action.  Recently, in Green v. Young, 454 F.3d 405

(4th Cir. 2006), the Fourth Circuit addressed several of the current limitations on a prisoner's ability

to initiate a civil action:

> To accomplish its goal of reducing the number of frivolous lawsuits, the PLRA placed
> three major hurdles in the path of prisoners seeking to challenge the conditions of their
> confinement.  First, the PLRA requires prisoners to exhaust all administrative remedies
> before bringing suit.  See 42 U.S.C.A. § 1997e(a) ("No action shall be brought with
> respect to prison conditions under section 1983 of this title, or any other Federal law, by
> a prisoner confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.").  Second, the Act imposes on
> district courts an obligation to screen prisoner complaints promptly after filing
> (preferably, before the case has been docketed) and to dismiss meritless cases.  See 28
> U.S.C.A. § 1915A(a) (West Supp.2005) ("The court shall review, before docketing, if
> feasible or, in any event, as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity."); id. § 1915A(b) ("On review, the court shall
> identify cognizable claims or dismiss the complaint, or any portion of the complaint, if
> the complaint-(1) is frivolous, malicious, or fails to state a claim upon which relief may
> be granted; or (2) seeks monetary relief from a defendant who is immune from such
> relief.").  Finally, the Act imposes greater financial obligations on prisoners who turn
> to the courts for relief. Prior to the enactment of the PLRA, prisoners were able to use
> the in forma pauperis statute to avoid paying filing fees.  See Nagy v. FMC Butner, 376
> F.3d 252, 255-56 (4th Cir.2004), cert. denied, 544 U.S. 973, 125 S.Ct. 1823, 161
> L.Ed.2d 723 (2005).  The PLRA, however, requires prisoners to pay all filing fees
> without regard to their financial status, although they may pay the fees in installments.
> See 28 U.S.C.A. § 1915(b) (West Supp.2005).  In addition, the PLRA requires pre-
> payment in full of all filing fees if the plaintiff-prisoner has had three prior cases
> dismissed as frivolous, malicious, or for failure to state a claim for which relief may be
> granted, unless the prisoner is at imminent risk of serious physical injury.  See 28
> U.S.C.A. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought an action
> or appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious physical injury.").

Id. at 406-07.  The court mentions this recent Fourth Circuit decision addressing the multiple provisions

of the PLRA because the plaintiffs raise issues with regard to each in the current motion pending before the court. The court will now turn to the specific issues raised by the plaintiffs in their motion.

### 1. *Appointment of Counsel*

Plaintiffs first ask the court to reconsider its decision denying their motion to appoint counsel. Plaintiffs allege that this case contains complex claims and assertions regarding antitrust violations and monopolistic business contracts. Plaintiffs note that none of the pro se litigants in this action have any specialized background in the antitrust field.

The court must first note, as it did in its previous Order, that Congress does not appropriate funds to pay attorneys who represent litigants in non-habeas civil cases. 53 Comp. Gen. 638 (1974). Although this economic fact is not conclusively determinative of the issues, it is a practical consideration which must not be ignored. Furthermore, there is no constitutional right to have counsel appointed in a civil case. Whisenant v.Yaum, 739 F.2d 160, 163 (4th Cir. 1984). This court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971). However, when exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors-the type and complexity of the case, and the abilities of the individuals bringing it." Brock v. City of Richmond, 983 F.2d 1055 (4th Cir. 1993) (quoting Whisenant, 739 F.2d at 163). After a review of the pleadings, this court continues to find that this is not the type of case which presents factors that clearly reflect a need for the plaintiffs to have counsel appointed. Even if this court takes the plaintiffs' assertion that this case contains complex claims as true, it appears they have made no good faith attempt to retain counsel.

6

As noted in the court's previous Order, the Fourth Circuit has found that a person who has a legitimate civil claim for damages "will likely find private counsel available on a contingent fee basis." Williams v. Leeke, 584 F.2d 1336, 1339 (4th Cir. 1978), cert. denied, 442 U.S. 911 (1979).  Furthermore, this court notes that the plaintiffs' pleadings are timely, lengthy, and thorough.  In fact, the plaintiffs' submissions to the court are far superior to that of most pro se plaintiffs, which in the opinion of this court tends to indicate that they are better able than most to represent themselves pro se.  Notably, the plaintiffs' motion indicates that "Plaintiff Ray has a plethora of personal experience in pro se litigation, spanning a seventeen year period, in which he has successfully prosecuted  many civil actions." (Entry #8, p. 3).  Therefore, for the reasons stated above, the court continues to find that it should not appoint counsel in this case.

### 2. Screening Process

The plaintiffs next assert that this case is not subject to the screening requirements of 28 U.S.C. § 1915A.  Apparently, the plaintiffs raise this issue because they disagree with this courts action under the PLRA in separating the plaintiffs and instructing the Clerk of Court to assign separate civil action numbers to each plaintiff who can be identified.[4]  The plaintiffs make much of the fact that this case was "commenced under the auspices of 15 U.S.C. § 1 [Sherman Antitrust Act]," not under 42 U.S.C. § 1983.  The plaintiffs state that "this case is not a prisoner civil rights or condition of confinement case, and as such, is not subject to any screening requirements of 28 U.S.C. 1915A.  The Court does not specify any information in the instant Order relating to 28 U.S.C. 1915A, and Plaintiff Ray would infer

---

[4] The court will address its action separating the plaintiffs pursuant to the Prison Litigation Reform Action in a later section.

that the court was already aware that screening of this case was not required."[5]  The plaintiffs argue that if in fact pre-screening was not required, the court had no authority "to make any determinations under the Prison Litigation Reform Act."  In further support of this position, the plaintiffs also note that the filing fee was "paid by the lead plaintiff" and there has been no request for *in forma pauperis* status. Plaintiffs also point out that two plaintiffs are not incarcerated, and have never been incarcerated during the pendency of this litigation.

Initially, the court will note that the plaintiffs' assertion that payment of the filing fee removes this case from the screening requirements of 28 U.S.C. § 1915A is without merit.  The court notes that 28 U.S.C. § 1915A provides:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complainant
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

As evidenced above, the plain language of the statute clearly requires the court to review and screen the plaintiffs' claims despite full payment of the filing fee.  See also Mayers v. Smith, 2002 WL 32502356 (E.D.Va. 2002); Johnson v. Hill, 965 F. Supp. 1487 (E.D.Va. 1997) (Section 1915A screening applies, regardless of whether or not inmate paid entire filing fee).  Furthermore, the statute

---

[5] Apparently, Plaintiff Ray is questioning the integrity of this court by this assertion.  However, for the reasons stated below, this court finds its previous action appropriate.

8

plainly requires judicial screening of a complaint in a civil action in which a " *prisoner seeks* redress from a *governmental entity*."  The statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  Regardless of the fact that plaintiffs assert in the current motion that "there are two parties who (upon the personal knowledge, information and belief of Plaintiff Ray) are not presently incarcerated,"[6] it remains undisputed that the majority of the named plaintiffs do satisfy the statutory definition of "prisoner," including Plaintiff Ray who signed the complaint as "lead plaintiff."  Furthermore, several government entities have been sued in this case.  Thus, contrary to the plaintiffs' assertions otherwise, the court was required to screen the complaint in the case at bar.  Although the plaintiffs also assert this action should not have been screened because it was not bought under 42 U.S.C. § 1983, the court notes that 28 U.S.C. § 1915A makes no distinction with regard to causes of action.[7]  Therefore, for the reasons stated above, the court finds the plaintiffs' arguments that this case is not subject to the screening requirements of 28 U.S.C. § 1915A are without merit.

### 3. Separate Actions

In the previous Order, this court found that pursuant to the provisions of the PLRA, the multiple plaintiffs in this case could not proceed in a single case.  In the present motion before the court, the plaintiffs argue that the court's action was erroneous because this suit was not brought under 42 U.S.C.

---

[6] The court must note that at least one of the two plaintiffs which allegedly were not incarcerated did not timely file a motion to reconsider.  Likewise, it appears to this court that the Plaintiffs Ray and Enzor lack standing to make this argument for that plaintiff.

[7] The plaintiffs also argue that the court did not indicate whether the complaint was screened under a "frivolity review," however, as the court did not dismiss any portions of the complaint, such was not required.

§ 1983 and does not involve any alleged constitutional or civil rights violations. The plaintiffs also state that the instant action does not involve any claims relating to jail or prison conditions. Thus, the plaintiffs essentially argue that the PLRA is not applicable in this case.

The court notes that a significant provision of the PLRA directs:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Importantly, as evidenced above, the provisions of the PLRA are *not* limited solely to claims made under § 1983, as the statute specifically mentions *any* "Federal Law."[8] Likewise, contrary to the plaintiffs' assertions otherwise, the court finds that their claims do stem from "prison conditions," specifically, the telephone service provided in multiple detention centers and prisons.[9] In fact, the plaintiffs state in the motion currently before the court that "the subject matter of this litigation touches on a single aspect of jail or prison confinement-namely the inmate collect call telephones." Therefore, for the reasons stated above, this court continues to find that this case is subject to the provisions of the PLRA and each plaintiff will have to comply with the exhaustion requirement.

_____

[8] The United States Supreme Court addressed this issue in <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002), and found that "unlike the previous [exhaustion] provision, which encompassed only § 1983 suits, exhaustion is now required for all actions brought with respect to prison conditions, whether under § 1983 or any other Federal Law." <u>Id</u>. (internal quotations omitted). The Court has since reaffirmed this holding in an opinion issued just this term. <u>Woodford v. Ngo</u>, 126 S.Ct. 2378, 2383 (2006) ("exhaustion of administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."). The <u>Woodford</u> Court also went on to hold that the PLRA exhaustion requirement requires "proper" exhaustion. <u>Id</u>. at 2387.

[9] The court notes that in an attempt to define the term "prison conditions," the Supreme Court held that the PLRA applies "to all inmate suites about prison life, whether they involve general circumstances or particular episodes . . . ." <u>Nussle</u>, 534 U.S. at 532.

Considering such, the court will now address the plaintiffs' contention in the current motion that the court should reconsider its decision to not allow the multiple plaintiffs in this case to proceed in a single case under the PLRA. As noted in the court's previous Order, there is a divergence of opinion between several circuits on this issue. Unfortunately for this court, there appears to be no Fourth Circuit opinion which addresses the issue at hand. As such, this court continues to find the Eleventh Circuit's holding in <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001) persuasive. In <u>Hubbard</u>, the Appellant, Earnest Hubbard and 17 other Alabama state prisoners, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983 against several state agencies and officials. The Eleventh Circuit held that the prisoners would not be allowed to join together as plaintiffs in a single lawsuit. Instead, the court found that it was appropriate to sever the claims, requiring each prisoner to file separate lawsuits, and as a consequence, each would pay the entire filing fee for his own suit. <u>Id</u>. at 1198. The court noted that the PLRA clearly and unambiguously requires that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." <u>Id</u>. at 1197 (citing 28 U.S.C. § 1915(b)(1)). By giving the above statutory provision its plain meaning, the <u>Hubbard</u> Court found that it discussed filing only in terms of a *single* plaintiff. Therefore, the Court found that the plain language of the PLRA requires that each prisoner pay the *full filing fee* for his *own* suit. <u>Id</u>. at 1197-98. Finally, the court held that "to the extent that the Rules Enabling Act, as expressed in Rule 20 [of the Federal Rules of Civil Procedure],[10] actually conflicts with the PLRA, we hold that the statute repeals the Rule." <u>Id</u>. at 1198.

In the present motion, the plaintiff points to several other opinions in various circuits which have reached a different conclusion than the <u>Hubbard</u> Court. This court has thoroughly reviewed those

---

[10] Rule 20 governs permissive joinder of parties.

opinions and does not find them persuasive.  Without specific guidance from the Fourth Circuit, this court continues to find the Eleventh Circuit's decision in Hubbard to be sound and persuasive. However, the plaintiffs do attempt to make a factual distinction in their case from that of the Hubbard case which the court deems necessary to address.  The plaintiffs in the case at bar point out that the plaintiffs in Hubbard were attempting to proceed *in forma pauperis* (hereinafter "IFP") and they are not, as they prepaid the entire filing fee and have not asked for IFP status.  This court finds that such is a distinction with no difference.  The court notes that when the President signed the PLRA into law on April 26, 1996, it amended 28 U.S.C. § 1915 to require a prisoner to pay the full amount of the filing fee when a prisoner brings a civil suit IFP.  See 28 U.S.C. § 1915(b).  Specifically, § 1915(b) now requires that the prisoner pay an initial partial filing fee and complete the payment of the payment schedule set forth in § 1915(b)(2).  Importantly, the payment schedule requires repeated monthly payments "until the filing fees are paid."  Id.  Therefore, regardless of whether the entire filing fee is paid when the suit is filed or through a series of monthly payments, the PLRA still requires all prisoners who bring civil suits to pay the entire filing fee.  The intent of Congress in promulgating the PLRA was "to curtail abusive prisoner tort, civil rights, and conditions of confinement litigation."  Hubbard, 262 F.3d at 1196-1197(collecting cases).  The monetary requirements of the PLRA "will force prisoners to think twice about the case and not just file reflexively."  Id. at1198.  As recognized by the Hubbard court, the sharing of the filing fee by multiple prisoners ignores the Congressional purpose in promulgating the PLRA.  Id.  If prisoners were allowed to bring an action together and pay the filing fee collectively, the monetary deterrence intended by the PLRA would be drastically reduced. Therefore, this court finds little distinction in the precise time the filing fee is paid, whether in its entirety at the time of filing or through monthly payments, because in the opinion of this court, the

Congressional intent of deference still dictates that each plaintiff pay the full amount of the filing fee by filing separate complaints.[11]  The court also continues to find, as a separate ground for separating the plaintiffs, that each plaintiff's claims are unique to the particular plaintiff.  Therefore, for the reasons stated above, the court finds the plaintiffs' arguments regarding the court's decision to separate the plaintiffs pursuant to the provisions of the PLRA to be without merit.

### IV.  Conclusion

For the reasons stated above, Plaintiffs Michael Ray and Wayne Enzor's motion for reconsideration [Entry #8]; Plaintiff April Butler's motion for reconsideration [Entry #9]; Plaintiff Arthur Junior Johnson's motion for reconsideration [Entry #13]; Plaintiff Kelvin F. Lewis' motion for reconsideration [Entry #14]; and Plaintiff Daniel Boyd McCracken's motion for reconsideration [Entry #15] are all hereby **DENIED**.

**IT IS SO ORDERED.**

                                   s/ R/ Bryan Harwell
                                   R. Bryan Harwell
                                   United States District Judge

August 25, 2006
Florence, South Carolina

---

[11] Assuming *arguendo*, that the PLRA does not prohibit multiple prisoners from bringing one action, this court still finds that the plaintiffs' joinder is improper.  Rule 20 of the Fed.R.Civ.P. states that "[a] party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences; and 2) some question of law or fact common to all persons seeking to be joined."  Hubbard, 262 F.3d at 1197.  In this case, the multiple plaintiffs were at many different institutions.  Those institutions had different phone contracts with multiple phone companies in different time frames.  This point is well illustrated by the plaintiffs' own motion wherein the plaintiffs note that if the plaintiffs' claims are separated, they will have to amend the complaint because "[o]nly one Plaintiff was previously a prisoner at the South Carolina Department of Corrections.  Plaintiff Ray's Complaint will also require complete revision.  Ray was not a prisoner of the State of South Carolina during the time-period in question.  Plaintiff Enzor has never been detained at the Dillon or Darlington County Detention Center(s).  He has however utilized the collect call phones of both Evercom and PayTel, but not Sprint (who serves the SCDOC)."  Considering such, the court finds joinder under Rule 20 would not be appropriate.

13