# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# FLORENCE DIVISION

| | |
|---|---|
| Michael R. Ray, # 40860-019 (on behalf of himself personally, and as Initial class representative), ) | Civil Action No. 4:05-2904-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Evercom Systems Inc.; Dennis L. Whipple (Personally and as President and C.E.O. of Evercom Systems, Inc.); The County of Lexington, South Carolina (o/b/o The Lexington County Detention Center); The County of Darlington, South Carolina (o/b/o The Darlington County Detention Center); The County of Dillon, South Carolina (o/b/o The Dillon County Detention Center); Pay Tell Communications, Inc.; John Vincent Townsend (Personally and as President of Pay Tel Communications, Inc.); The County of Florence, South Carolina (o/b/o The Florence County Detention Center); The County of Spartanburg, South Carolina (o/b/o Spartanburg County Detention Center); Williamsburg, South Carolina (o/b/o the Williamsburg County Detention Center); Sprint Payphone Services, Inc.; State of South Carolina Budget & Control Board; and State of South Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |

Pending before the court is a "notice pursuant to Rule 23 [of the Federal Rules of Civil Procedure] in regard to a request for certification of this civil case action as a class-action proceeding" [Entry #5], which was filed on October 11, 2005. The document was docketed by the Clerk of Court as a "notice" because it was captioned as such. It appears to this court that the "notice" is actually a "motion," however, it has not appeared on the court's docket as a pending motion because of the caption

issue. Thus, the court will now consider the "motion" requesting that this case be certified as a class action.

### I. Background Facts

For the purpose of establishing the background facts in this case, the court should note that the complaint as originally filed included multiple pro se plaintiffs. This court entered an Order on December 21, 2005 severing the plaintiffs and instructed the Clerk to assign each a separate civil action number. The court reaffirmed this ruling in its Order on the plaintiffs' motions for reconsideration entered on August 25, 2006. As such, Plaintiff Michael Ray is the sole plaintiff remaining in this case. In its December 21, 2005 Order, the court also denied the plaintiffs' motion to appoint counsel. The August 25, 2006 Order on the motions for reconsideration reaffirmed that decision as well.

### II. Discussion

As discussed above, the "motion" currently before the court requests that this case be certified as a class action. Plaintiff Michael Ray filed this action on behalf of himself and as an "Initial Class Representative." (Complaint ¶ 2). However, Plaintiff Ray concedes that he "is suing in his own personal capacity and does not 'represent' the other litigants in any fashion, other than lead plaintiff and temporary class representative, until such time counsel is appointed." As noted above, the court has denied the plaintiffs' motion to appoint counsel. Furthermore, the Fourth Circuit has found that a pro se prisoner may not litigate the interests of other prisoners in a class action. Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). The Fourth Circuit concluded in Oxendine that we consider "the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." Id. at 1407. As such, without delving into the appropriateness of certification under Fed.R.Civ.P. 23, this

court finds that class certification should not be entertained in this case.

### III. Conclusion

For the reasons stated above, the plaintiff's "motion" for class certification [Entry #5] is hereby **DENIED**.

**IT IS SO ORDERED.**

 s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 25, 2006
Florence, South Carolina

3