UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL R. RAY, ) | Civil Action No.: 4:05-cv-2904-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EVERCOM SYSTEMS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **Introduction**

Pending before the court are: 1) Defendants Evercom Systems, Inc. and Dennis Whipple's [Docket Entry #27] motion to dismiss; 2) Defendants Sprint Payphone Services, Inc., South Carolina Budget and Control Board, and the South Carolina Department of Corrections' [Docket Entry #52] motion to dismiss; 3) Plaintiff's [Docket Entry #54] motion to substitute a party; 4) Plaintiff's [Docket Entry #57] motion for extension of time; 5) Defendants Pay Tell Communications, Inc. and John Vincent Townsend's [Docket Entry #61] motion for summary judgment; 6) Defendants Evercom Systems, Inc. and Dennis Whipple's [Docket Entry #78] motion to dismiss; 7) Defendant Florence County's [Docket Entry #82] motion to dismiss; 8) Defendant Lexington County's [Docket Entry #83] motion for summary judgment; 9) Plaintiff's [Docket Entry #121] motion to dismiss; 10) Plaintiff's [Docket Entry #122] motion for leave to file amended complaint; 11) Plaintiff's [Docket Entry #176] motion for clarification; and 12) Plaintiff's [Docket Entry #180] motion to appoint counsel.

These matters are before the court with the Report and Recommendation [Docket Entry #223] of the Magistrate Judge filed on August 11, 2009.[1]

**Background**

This case challenges the contracts for inmate telephone services in South Carolina. The Complaint in this case alleges that several companies–Evercom Systems, Inc., Sprint Payphone Services, Inc., and Pay Tel Communications, Inc.–have conspired with the South Carolina Department of Corrections, the South Carolina Budget & Control Board, and six county correctional institutions to engage in anti-competitive conduct through the performance of exclusive contracts guaranteeing the provision of telecommunications services to inmates. Plaintiff asserts causes of action for (1) violation of the Sherman Anti-Trust Act, (2) Monopolizing Trade in violation of 15 U.S.C. § 2, (3) Breach of Duty of Loyalty, (4) Breach of Trust, (5) Unfair Trade Practices, (6) Negligence, and (7) Fraudulent Conveyance, (8) Unjust Enrichment, and (9) Statutory Fraud. Plaintiff, who is proceeding *pro se*, seeks more than $56 million in punitive and other damages from Defendants.

The Magistrate Judge recommended that this case be dismissed pursuant to Rule 41(b) based on Plaintiff's failure to comply with deadlines set by the court and respond to the pending dispositive motions. Alternatively, the Magistrate Judge recommended dismissal of this case pursuant to the filed rate doctrine and state action immunity doctrine and decline to exercise jurisdiction over Plaintiff's remaining state law claims. Plaintiff filed Objections [Docket Entry #232] to the Magistrate Judge's Report and Recommendation on August 28, 2009.

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Civil Rule 73.02.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge recommended that Plaintiff's complaint be dismissed in its entirety. Specifically, the Magistrate Judge found that Plaintiff's complaint was due to be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to respond to the arguments raised in the pending dispositive motions and his failure to follow court orders. Alternatively, addressing the merits, the Magistrate Judge found that this case was due to be dismissed based on the application of the filed rate doctrine. Finally, as an additional alternative basis for dismissal, the Magistrate Judge recommended that Plaintiff's Federal anti-

trust claims be dismissed pursuant to the state action immunity doctrine and that the court decline to exercise jurisdiction over any state law claims.

Filed Rate Doctrine and Failure to File Specific Objections

As previously noted, Plaintiff's complaint challenges the telephone rates for inmates in South Carolina. Plaintiff has brought Federal anti-trust claims as well as state common law claims. Plaintiff seeks only monetary damages.

The filed rate doctrine provides that the rate a public utility or common carrier files with the appropriate regulatory agency is the only legal rate and may not be directly challenged in court. *American Telephone and Telegraph Co. v. Central Office Telephone, Inc.*, 524 U.S. 214, 223 (1998). The filed rate doctrine bars suits against regulated utilities grounded on the allegation that the rates charged by the utility are unreasonable. *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). Any filed rate, that is, one approved by the governing regulatory agency, is per se reasonable and cannot be challenged in judicial proceedings brought by ratepayers. *Wegoland Ltd.*, 27 F.3d at 18. Although the filed rate doctrine does not bar an anti-trust claim for which injunctive relief is sought, the doctrine will extend to bar an anti-trust claim that seeks monetary damages. *Guglielmo v. WorldCom, Inc.*, 808 A.2d 65, 70 (N.H. 2002). "[T]he filed rate doctrine bars money damages from telecommunications carriers where the damage claims are premised on state contract principles, consumer fraud, or other bases on which plaintiffs seek to enforce a rate other than the filed rate." *Guglielmo*, 808 A.2d at 70.; *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 60 (2d Cir. 1998). The Magistrate Judge concluded that Plaintiff's complaint, boiled down to essence, challenged the alleged usurious rates the end users were forced to pay. The Magistrate Judge found that "any claim that, if successful, would

4

require an award of damages that would have the effect of imposing different rates upon different consumers is barred by the filed rate doctrine." [Report and Recommendation, at 23, Docket Entry #223]. In essence, the Magistrate Judge concluded that because the Plaintiff in this case seeks only monetary damages, the filed rate doctrine bars Plaintiff's claims and this action is due to be dismissed in its entirety.

Plaintiff did not file objections challenging the Magistrate Judge's analysis regarding the application of the filed rate doctrine to the claims in this case. Instead, Plaintiff complains that he was not able to conduct discovery and therefore the matter should not have been considered by the Magistrate Judge. Plaintiff "refuses to address any further findings of the R&R as to do so would submit that this Court properly heard the dispositive motions to start with," and contends that "[t]here can be no dismissal or award of summary judgment without allowing the *pro se* Plaintiff to commence and complete discovery - to then be able to properly and intelligently respond to the outstanding dispositive motions, presently before this Court." [Objections, at 5, Docket Entry #232].

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano*, 687 F.2d at 48. Because Plaintiff has failed to raise any specific error with regard to the application of the filed rate doctrine, the court accepts without objection that portion of the Report and Recommendation. The court has also independently examined the record and determined that the Magistrate Judge was correct in his application of law to the facts of this case.

5

However, the court respectfully declines to adopt the Magistrate Judge's recommendation that Plaintiff's state law claims be dismissed as well. While the case law certainly supports the Magistrate Judge's conclusion that the filed rate doctrine bars Plaintiff's state law claims, because the court has dismissed all of the claims over which it had original jurisdiction, this court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (stating "[w]henever the basis for federal jurisdiction evaporates, Congress has provided for discretion"). As a result, Plaintiff's Federal claims are dismissed with prejudice and Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3) as this court declines to exercise jurisdiction over them.

State Action Immunity Doctrine

As an alternative basis for dismissal, the Magistrate Judge recommended that Plaintiff's anti-trust claims be dismissed pursuant to the state action immunity doctrine and Plaintiff's state common law claims be dismissed without prejudice under § 1367(c)(3). Again, Plaintiff failed to file specific objections to this portion of the Magistrate Judge's Report. Therefore, the court accepts the Magistrate Judge's recommendation that the state action immunity doctrine bars Plaintiff's Federal anti-trust claims.

Dismissal under Rule 41(b)

To the extent Plaintiff's objections could be construed to challenge the Magistrate Judge's recommendation regarding dismissal under Rule 41(b), Plaintiff's objections are overruled. While Plaintiff repeatedly expresses the dire need for discovery in this case, he has yet to detail what discovery he specifically seeks or explain how that discovery would apply to the issues raised in

6

the dispositive motions, namely the filed rate doctrine. From the materials before the court, it does not appear that any amount of discovery conducted by the Plaintiff would save his claims from the filed rate doctrine. This case has been pending for approximately four years and since its inception has been plagued with the Plaintiff's various delay tactics. Plaintiff has simply not provided this court with an adequate excuse for his deliberate and repeated failure to adhere to court ordered deadlines or substantively respond to the merits of the dispositive motions.

Therefore, the court agrees with the Magistrate Judge that dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure. However, because the court has declined to exercise jurisdiction over Plaintiff's state law claims, in the court's opinion it would be inappropriate to make any decision with regard to Plaintiff's state law claims. As a result, the court's dismissal of Plaintiff's case under Rule 41(b) does not apply to Plaintiff's remaining state law claims. On the other hand, all of Plaintiff's Federal claims are due to be dismissed under Rule 41(b) for the reasons stated by the Magistrate Judge.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #223] of the Magistrate Judge as modified by this Order. All pending motions not directly addressed by this Order are deemed moot. Accordingly, the Defendants Evercom Systems, Inc. and Dennis Whipple's [Docket Entry #27] motion to dismiss is **GRANTED**; Defendants Sprint Payphone Services, Inc., South Carolina Budget and Control Board, and the South Carolina Department of Corrections' [Docket Entry #52] motion to dismiss is **GRANTED**; Plaintiff's

[Docket Entry #54] motion to substitute a party is **MOOT**; Plaintiff's [Docket Entry #57] motion for extension of time is **MOOT**; Defendants Pay Tell Communications, Inc. and John Vincent Townsend's [Docket Entry #61] motion for summary judgment is **GRANTED**; Defendants Evercom Systems, Inc. and Dennis Whipple's [Docket Entry #78] motion to dismiss is **GRANTED**; Defendant Florence County's [Docket Entry #82] motion to dismiss is **GRANTED**; Defendant Lexington County's [Docket Entry #83] motion for summary judgment is **GRANTED**; Plaintiff's [Docket Entry #121] motion to dismiss is **MOOT**; Plaintiff's [Docket Entry #122] motion for leave to file amended complaint is **MOOT**; Plaintiff's [Docket Entry #176] motion for clarification is **MOOT**; and Plaintiff's [Docket Entry #180] motion to appoint counsel is **MOOT**.

All of Plaintiff's Federal claims are **DISMISSED with prejudice**. Plaintiff's claim for violation of the Sherman Anti-Trust Act is **DISMISSED with prejudice**. Plaintiff's claim for Monopolizing Trade in violation of 15 U.S.C. § 2 is also **DISMISSED with prejudice**. Plaintiff's remaining state law claims are **DISMISSED without prejudice** for lack of subject matter jurisdiction under 28 U.S.C. § 1367 as this court declines to exercise jurisdiction over them.

**IT IS SO ORDERED**.

Florence, South Carolina  
September 15, 2009

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge